IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DALE MICHAEL WAKEFIELD, | )<br>)<br>) |
| Petitioner, | ) 2:19-CV-00983-MJH<br>)<br>) |
| vs. | )<br>) |
| SUPERINTENDENT ROBERT GILMORE, | )<br>) |
| Respondent, | |

**MEMORANDUM ORDER**

Dale Michael Wakefield ("Petitioner") is incarcerated at SCI-Greene and has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). (ECF No. 3). Petitioner is currently serving a life sentence without the possibility of parole based upon a 2014 first-degree murder conviction. In his Petition, he challenges his "pre-trial detention" related to a 2018 criminal homicide charge where he allegedly caused the death of his cellmate at SCI-Somerset.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 5, filed on October 8, 2019, recommended that the Petition be dismissed before service because the Petition is not jurisdictionally proper given that Petitioner fails to show that he exhausted state court remedies and that his claims are meritless. The Court informed Petitioner that he could file Objections to the Report by October 25, 2018. On October 30, 2019, Petitioner moved for Extension of Time to File a Response/Reply to the Report and Recommendation, which was granted. (ECF Nos. 6

and 7). On November 26, 2019, Petitioner filed his Objections to Judge Kelly's Report and Recommendation. (ECF No. 8). On the same date, Petitioner also filed a Motion for Certificate of Appealability.

Upon the Court's careful review, Petitioner's Objections do not require rejection of the Report and Recommendation or extended comment. From what the Court can discern, Petitioner asserts two categories of Objections: 1) the validity of his state court charges, and 2) whether he needs to exhaust his state court remedies prior to the filing of a federal habeas petition.

Petitioner first contends that the Commonwealth never charged him with first degree murder. Instead, he argues that the Commonwealth only charged him with criminal homicide under 18 Pa.C.S. § 2501(a), which he calls an "illusory crime." Petitioner was initially charged through a police criminal complaint with Criminal Homicide, Assault by Prisoner, and Aggravated Assault. (ECF No. 8-1). As addressed in the Report and Recommendation, the Commonwealth then filed a subsequent criminal information adding charges for Murder of the First Degree, Murder of the Second Degree, and Murder of the Third Degree, which reflect lesser-included offenses within the Criminal Homicide statute.[1] In the Crimes Code, the legislature created "one major homicide offense, that of criminal homicide." *Com. v. Polimeni*, 378 A.2d 1189, 1194 (Pa. 1977). "[T]he several types of homicide, namely, murder of any of the three named degrees and voluntary and involuntary manslaughter are constituent subsidiary offenses within the single major offense. All grades of unlawful killing thus have been made lesser included offenses of the overall crime of criminal homicide." *Id.* at 1194–95

---

[1] https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-56-CR-0000266-2018&dnh=LwoKxTHeAQEKva83mlHj9g%3d%3d
Accessed 12/17/2019

2

Therefore, Petitioner's assertion that he was never charged with first-degree murder or that Criminal Homicide is not a crime lacks merit both in procedural accuracy and substantive law. The underlying state criminal record reflects both a Criminal Homicide charge via criminal complaint, which would include the lesser included charge of first-degree murder and a subsequent information filed which included a charge of first-degree murder. Under either circumstance, Petitioner fails to identify that his pre-trial detention under these charges violates "the Constitution or laws or treaties of the United States" to support an application for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Accordingly, the Report and Recommendation correctly concluded that Petitioner's claim was meritless.

Petitioner next contends that he need not exhaust his state court remedies before pursuing a federal habeas petition. Under 28 U.S.C. § 2241(c)(3), the writ of habeas corpus may extend to a prisoner in pretrial detention if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding under 28 U.S.C. § 2241, in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). Courts disfavor pretrial intervention in state criminal proceedings based upon, "a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)).

Petitioner has articulated no "special circumstances" that would warrant divesting the state courts of their jurisdiction of the pending criminal matter. Petitioner's only argues that he will be tried for a crime, first-degree murder, for which he was not charged. The underlying record, as detailed above, demonstrates that this assertion lacks merit. Further, by Petitioner's own filing, he as a two pending appeals with the Superior Court and Supreme Court of Pennsylvania in which he can exhaust his arguments. (ECF No. 8 at p. 3). Therefore, no special circumstances excuse Petitioner's obligation to exhaust his state court remedies.

Accordingly, the Petition for a Writ of Habeas Corpus will be dismissed.

AND NOW, this 19th day of December 2019, after de novo review of the record in this case, including the Report and Recommendation, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, is DISMISSED, and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 5, of Magistrate Judge Kelly, dated October 8, 2019, is adopted as the opinion of the Court.

The Clerk is to mark the case closed.

BY THE COURT:

Marilyn J. Horan
United States District Judge

cc: DALE MICHAEL WAKEFIELD
LP2965
SCI Greene
175 Progress Dr.
Waynesburg, PA 15370